## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 3:25-cv-30

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | **Complaint for Declaratory Judgment** |
| v. | ) ) | |
| MABLE SIMPSON, JIMMY HARRIS and EMANUEL HARRIS, | ) ) ) | |
| Defendants. | ) ) ) | |

COMES NOW Plaintiff, Liberty Mutual Fire Insurance Company ("LMFIC"), by and through its undersigned counsel, pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201-2202, and N.C. Gen. Stat. § 1-253, *et seq*., and hereby files this Complaint for Declaratory Judgment, seeking a declaratory judgment against Defendants Mable Simpson ("Ms. Simpson"), Jimmy Harris and Emanuel Harris, to determine and declare the rights and duties of the parties (if any) under a policy of homeowner's insurance issued by LMFIC to Ms. Simpson.

### NATURE OF THE CASE

1.      This action seeks a declaratory judgment that a homeowner's insurance policy issued by LMFIC to Ms. Simpson (Policy No. H32-251-071465-40, with effective dates of 10/01/2021 – 10/07/2022 (the "Policy")) does not afford coverage for a Default Judgment obtained by Jimmy Harris and Emanuel Harris in a separate lawsuit against Ms. Simpson in the Superior Court for Mecklenburg County, North Carolina.

2. The Policy does not provide coverage because: (a) Ms. Simpson did not provide prompt notice of the incident that occurred on Ms. Simpson's property on May 3, 2022; (b) Ms. Simpson did not provide prompt notice of the separate lawsuit brought against her by Jimmy Harris and Emanuel Harris, and did not even notify LMFIC of the separate lawsuit until eight (8) months after the entry of the Default Judgment against Ms. Simpson; and (c) LMFIC's ability to investigate and defend the separate lawsuit brought by Jimmy Harris and Emanuel Harris was materially prejudiced by the delay in providing notice.

## PARTIES

3. LMFIC is a company organized under the laws of the State of Wisconsin with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

4. Upon information and belief, Ms. Simpson is a citizen and resident of Mecklenburg County, North Carolina.

5. Upon information and belief, Jimmy Harris is a citizen and resident of Mecklenburg County, North Carolina.

6. Upon information and belief, Emanuel Harris is a citizen and resident of Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8. This Court has personal jurisdiction over all Defendants who are citizens and residents of North Carolina.

9.      Venue in this district is proper under 28 U.S.C. §§ 121(9) and 1391(b)(2), because all of the events giving rise to the claims occurred within this district.

## FACTUAL ALLEGATIONS

10.     This declaratory judgment action arises from an incident that occurred on May 3, 2022, in the backyard on Ms. Simpson's residence located at 6601 Water Mill Ct., Charlotte, North Carolina, 28215-2516 (the "Property").  Upon information and belief, while in the backyard of the Property, Jimmy Harris was attacked by Ms. Simpson's dog – a Japanese Akita named Snow.  Upon information and belief, Emanuel Harris attempted to pull Snow off Jimmy Harris, but was not successful, and Emanuel Harris was also attacked by the dog.  Upon information and belief, the attacks by Snow resulted in serious injuries to Jimmy Harris' left hand and the loss of a tooth, and injuries to Emanuel Harris as well.

11.     On February 24, 2023, Jimmy Harris and Emanuel Harris, as Plaintiffs, commenced a civil action against Ms. Simpson in the Superior Court for Mecklenburg County, North Carolina, Case No. 23-CVS-003842-590 (the "Underlying Action").  A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

12.     Upon information and belief, the Summons and Complaint in the Underlying Action were served on Ms. Simpson on or about March 4, 2023.

13.     Ms. Simpson did not answer or otherwise respond to the Complaint in the Underlying Action.

14.     On April 14, 2023, upon motion of Jimmy Harris and Emanuel Harris, Entry of Default was entered against Ms. Simpson.  A true and correct copy of the Entry of Default is attached hereto as **Exhibit B**.

15.    On October 2, 2023, upon motion of Jimmy Harris and Emanuel Harris, the Superior Court for Mecklenburg County, North Carolina, entered a Default Judgment against Ms. Simpson in the amount of $312,980.00. A true and correct copy of the Default Judgment is attached hereto as **Exhibit C**.

16.    On July 12, 2024, more than two years after the incident giving rise to the Underlying Action, and more than 8 months after the entry of the Default Judgment against Ms. Simpson, LMFIC received notice of the loss from Ms. Simpson.

17.    By letter dated August 8, 2024, LMFIC advised Ms. Simpson that – subject to a full reservation of its rights to deny coverage under the Policy based upon Ms. Simpson's failure to promptly notify LMFIC of the incident or the Underlying Action – LMFIC would retain defense counsel on behalf of Ms. Simpson in an attempt to set aside the Default Judgment against Ms. Simpson. A true and correct copy of LMFIC's letter dated August 8, 2024, is attached hereto as **Exhibit D**.

18.    A Motion to Set Aside Entry of Default and Default Judgment was filed on August 22, 2024, on behalf of Ms. Simpson in the Underlying Action, with supporting affidavits to establish defenses that could have been raised in response to the claims alleged by Jimmy Harris and Emanuel Harris in the Underlying Action.

19.    Following a hearing on December 4, 2024, the Superior Court for Mecklenburg County, North Carolina denied the Motion to Set Aside Entry of Default and Default Judgment. A true and correct copy of the Order denying the Motion to Set Aside Entry of Default and Default Judgment is attached hereto as **Exhibit E**.

20.    The liability provisions of the LMFIC Policy are subject to certain Conditions, which include the following duties of Ms. Simpson as the named insured on the LMFIC Policy:

**C. Duties After "Occurrence"**

In case of an "occurrence", you or another "insured" will perform the following duties that apply. *We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us*. You will help us by seeing that these duties are performed:

1. *Give written notice to us or our agent as soon as is practical*, which sets forth:

   a. The identity of the policy and the "named insured" shown in the Declarations;

   b. Reasonably available information on the time, place and circumstances of the "occurrence"; and

   c. Names and addresses of any claimants and witnesses;

2. Cooperate with us in the investigation, settlement or defense of any claim or suit;

3. *Promptly forward to us every notice, demand, summons or other process relating to the "occurrence"*;

4. At our request, help us:

   a. To make settlement;

   b. To enforce any right of contribution or indemnity against any person or organization who may be liable to an "insured";

   c. With the conduct of suits and attend hearings and trials; and

   d. To secure and give evidence and obtain the attendance of witnesses.

(emphasis added).

21.    Ms. Simpson failed to satisfy these conditions under the Policy because LMFIC: (a) did not receive notice of the incident that occurred on the Property on May 3, 2022; (b) did not receive any notice of the Underlying Action when it was filed on February 4, 2023; (c) did not receive any notice of the Entry of Default when it was entered on April 14, 2023; and (d) did not receive notice of the Default Judgment when it was filed on October 2, 2023.

22.     In fact, LMFIC's first notice of the incident giving rise to the Underlying Action was not received until July 12, 2024.

23.     Based on the foregoing: (1) LMFIC was not given prompt notice of the incident that occurred on the Property on May 3, 2022 or of the Underlying Action as soon as practicable, and did not receive any notice of the Underlying Action until after the Default Judgment had already been entered against Ms. Simpson; and (2) LMFIC was materially prejudiced by the delay in providing notice of the Underlying Action because the late notice combined with the entry of the Default Judgment (which could not be set aside) prevented LMFIC from having an opportunity to investigate the claims alleged in the Underlying Action and to raise potential meritorious defenses to the claims alleged by Jimmy Harris and Emanuel Harris in the Underlying Action.

24.     By letter dated January 13, 2025, LMFIC notified Ms. Simpson that coverage under the Policy was being denied due to Ms. Simpson's failure to provide prompt notice as required by the Policy.  A true and correct copy of LMFIC's correspondence dated January 13, 2025 is attached hereto as **Exhibit F**.

## COUNT ONE

### Declaratory Judgment Against Ms. Simpson, Jimmy Harris and Emanuel Harris

25.     LMFIC incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

26.     There is now a real and substantial controversy between parties, having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.     LMFIC denies that there is any coverage under the Policy for the Default Judgment entered against Ms. Simpson in the Underlying Action due to Ms. Simpson's failure to provide prompt notice of the Underlying Action, which materially prejudiced LMFIC.

28.     Jimmy Harris and Emanuel Harris are named in this declaratory judgment action because they were the Plaintiffs in the Underlying Action and are now judgment creditors of Ms. Simpson, and so that Jimmy Harris and Emanuel Harris are on notice of LMFIC's denial of coverage under the Policy and will be bound by the final declaratory judgment entered by this Court.

29.     LMFIC is entitled to a judicial determination and declaratory judgment that LMFIC is not required to provide coverage, under the Policy, to Ms. Simpson, Jimmy Harris and Emanuel Harris, and that the Policy provides no coverage to any of them for the Default Judgment entered in the Underlying Action.

30.     LMFIC, therefore, seeks and is entitled to, a judicial declaration that LMFIC has no duty to indemnify Ms. Simpson, Jimmy Harris or Emanuel Harris for the Default Judgment entered against Ms. Simpson in the Underlying Action.

31.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversies between the parties.

WHEREFORE, LMFIC prays that the Court enter a declaratory judgment, granting the following declaratory relief:

a.      Entering a declaratory judgment that the Policy does not afford any coverage to Ms. Ms. Simpson, Jimmy Harris or Emanuel Harris for the Default Judgment entered against Ms. Simpson in the Underlying Action; and

b.      Granting any such other and further relief as equity may require and the Court deems just and proper.

Respectfully submitted, this the 15th day of January, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Christopher J. Blake*
Christopher J. Blake, N.C. State Bar No. 16433
Alexandra M. Bradley, N.C. Bar No. 54872
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
chris.blake@nelsonmullins.com
alex.bradley@nelsonmullins.com

*Counsel for Plaintiff Liberty Mutual Fire Insurance Company*